IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY A. HUSMAN,

    **Plaintiff,**

    v.                                                                                            CASE NO. 19-3189-SAC

(FNU) BRECKEN, et. al,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3.) Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On December 3, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until January 3, 2020, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file a proper amended complaint to cure the deficiencies.

Plaintiff alleges that on June 17, 2019, while CO Brecken was working the control booth in G cellhouse at EDCF, she shut the cell door on Plaintiff's wheelchair twice during one shift. Plaintiff alleges that the second time it caught Plaintiff's right elbow between the cell door and the wheelchair, causing damage to his right elbow. Plaintiff alleges that he was housed in a non-handicap cell while two other inmates who were not handicapped resided in a handicap cell. Plaintiff alleges that CO Brecken was negligent in doing her job and seeks to have her terminated "due to lack of attention to detail." (Doc. 1, at 4–5.) Plaintiff alleges deliberate indifference and cruel and unusual punishment. Plaintiff names as Defendants: CO Brecken; EDCF; and the

Kansas Department of Corrections ("KDOC"). Plaintiff seeks monetary damages and the termination of CO Brecken.

The Court found in the MOSC that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by Defendant Brecken. Plaintiff claims that CO Brecken was negligent and failed to pay attention to detail when closing Plaintiff's cell door on two occasions. The Court found that Plaintiff's negligence claim is subject to dismissal for failure to adequately allege a federal constitutional violation. Violations of state law are not sufficient grounds for relief in federal court under 42 U.S.C. § 1983. In a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted).

Plaintiff's allegations suggest negligence and fail to state a federal constitutional violation under § 1983. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1162 (10th Cir. 2007) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("Liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant, and not on negligence.") (quotations omitted); *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate*

deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence.") (quotations and citations omitted).

The Court also found that Plaintiff's claims against EDCF are subject to dismissal because prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

The Court also found that Plaintiff's claims against the KDOC are subject to dismissal. "A party's capacity to sue or be sued in federal court is determined by state law." *Sims v. Kansas Dep't of Corr.*, Case No. 18-01259-EFM-KGG, 2019 WL 4450671, at *4 (D. Kan. Sept. 17, 2019) (citation omitted). "Under Kansas law, absent express statutory authority, legislatively-created government agencies lack the capacity to sue or be sued." *Id*. (citing *Grayson v. Kansas*, 2007 WL 1259990, at *3 (D. Kan. 2007) (citation omitted)). "The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued." *Id*. (citing K.S.A. § 75-5203). Furthermore, as an agency of the State, the KDOC has absolute immunity under the Eleventh Amendment to a suit for money damages. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court"); *see also Will*

*v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983").

The Court also found that to the extent Plaintiff seeks Defendant Brecken's termination in his request for relief, the Court is without authority to grant such relief. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 8, 2020, in Topeka, Kansas.**

                                        **s/ Sam A. Crow**
                                        **Sam A. Crow**
                                        **U.S. Senior District Judge**